The opinion of the court was delivered by
McEnery, J.
The plaintiff instituted this suit for a separation of bed and board from his wife.
A curator ad hoe was appointed to represent the absent wife, who filed an exception of no cause of action, which was sustained, from which judgment the plaintiff appealed.
The allegations in the petition, which are taken as true for the purposes of the exception, are that the plaintiff and defendant were married in the State of Maine in the year 1856; that they afterward moved to and resided in the State of Massachusetts, where in 1878 the defendant wife abandoned the common dwelling; that in 1882 the plaintiff husband came to New Orleans, where he acquired a permanent residence and established his domicil, and has resided in Louisiana since that time; that the defendant wife refused to return to the common dwelling in Massachusetts, and persists in refusing to come to the domicil of the husband in Louisiana.
From this statement of facts it is evident that the parties to the marriage, which was consummated in Maine, did not contract the marriage under the laws of this State or with reference to the same. The abandonment complained of did not originate in Louisiana, but occurred and continued in Massachusetts long before the plaintiff came to the State to reside therein. The courts of Louisiana will not entertain suits for separation of bed and board and for divorce on matters which occurred in another State before the married *439 parties acquired a domicil in the State. Edwards vs. Green, 9 An. 317.
In.this case the parties to the marriage never had a matrimonial domicil in this State, as the wife has never been here with her husband. There never has been a common dwelling here, and therefore the wife could not abandon it. Muller vs. Hilton, 13 An. 1; Champon vs. Champon, 40 An. 40.
The instant case is identical with Muller vs. Hilton.
In the case of Laquié vs. Wife, 40 An. 459, to which we have been referred by plaintiff’s counsel, the wife haq resided in Louisiana with her husband, who had acquired a domicil in the State. She abandoned the common dwelling after the husband and wife had established a domicil here.
In the instant case the abandonment originated and continued in another State. The married parties have never resided together in the State, and have therefore never acquired any matrimonial domicil in Louisiana to which the wife could be summoned to return.
Judgment affirmed.